IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 22-cv-03373-GPG

BRYSON SUTTERLEE,

    Applicant,

v.

J.F. WILLIAMS,

    Respondent.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) (the "Application") filed *pro se* by Applicant, Bryson Sutterlee, on December 30, 2022. Mr. Sutterlee challenges the computation of his sentence by the Federal Bureau of Prisons ("BOP"). The Court must construe the Application liberally because Mr. Sutterlee is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

On February 15, 2023, Respondent was ordered to show cause why the Application should not be granted. On March 24, 2023, Respondent filed a Response to Order to Show Cause (ECF No. 23). Mr. Sutterlee has not filed a reply and the time to do so has expired. After reviewing the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application should be denied and the case dismissed with prejudice.

**I. BACKGROUND**

On May 20, 2009, Mr. Sutterlee was arrested by federal authorities. (ECF No. 23-3.) On May 22, 2009, he was released on bond. (*Id.*; ECF No. 23-4.) On January 4, 2011, Mr. Sutterlee entered a guilty plea in the United States District Court for the District of Oregon to two counts of Aggravated Sexual Abuse of a Minor. (ECF No. 23-5.) He was sentenced to concurrent terms of 188 months in prison on each count. (*Id.*) On February 1, 2011, he surrendered to federal officials to serve the sentence. (ECF No. 23-3.)

The BOP has determined Mr. Sutterlee's sentence commenced on February 1, 2011. (ECF No. 23-2.) The BOP has awarded three days of prior custody credit for the period from May 20-22, 2009. (*Id.*) Mr. Sutterlee's current projected release date via good conduct time release is June 4, 2024. (*Id.*)

Mr. Sutterlee challenges the BOP's sentence computation, arguing he was a pretrial detainee from May 22, 2009, through February 1, 2011. According to Mr. Sutterlee, the BOP has not shown "any legitimate reasoning for [Mr. Sutterlee] not being construed or seen as a pre-trial detainee from May 22, 2009[,] on up to February 1, 2011[,] and that particular time frame must therefore be considered as pre-trial 'punishment.'" (ECF No. 1 at p.7, ¶3.13.) Although Mr. Sutterlee does not assert any claim in the Application regarding good conduct time credits, in his request for relief he asks the Court to order the BOP to recalculate good conduct time credits "to [e]nsure compliance with the 'First Step Act' and 18 U.S.C. § 3585(b)" so that his sentence will reflect the "Good Time Credit(s) as starting from that date of [his] May 19,[1] 2009 arrest . . . ." (*Id.* at p.9.) The Court does not read the Application as asserting any claim relevant to good conduct time credits under the First Step Act. Instead, the Court reads the Application as

---

[1] As noted above, Mr. Sutterlee was arrested on May 20, 2009. (*See* ECF No. 23-3.)

challenging the BOP's determination not to award credit for prior custody under 18 U.S.C. § 3585(b) for the period from May 22, 2009, to February 1, 2011.

## II. LEGAL STANDARDS

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Sutterlee "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"The computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). The first issue involves the date a federal sentence commences. *See id.* "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The second issue involves credit for prior custody. *See Binford*, 436 F.3d at 1254. Pursuant to 18 U.S.C. § 3585(b), credit for prior custody is awarded for any time a defendant "spent in official detention *prior* to the date his federal sentence commences if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction *and* if that time has not been credited against another sentence." *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

The Attorney General, through the BOP, is responsible for making the sentence

3

calculations contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

### III. DISCUSSION

#### A. Commencement of Sentence

As noted above, Mr. Sutterlee's sentence was imposed on January 4, 2011. However, a federal sentence does not commence under § 3585(a) until a prisoner is actually received into federal custody to serve the sentence. *See Binford*, 436 F.3d at 1255. Because Mr. Sutterlee surrendered to serve his sentence on February 1, 2011, the BOP has correctly determined the sentence commenced on that date. Mr. Sutterlee presents no reasoned argument challenging the BOP's determination that his sentence commenced on February 1, 2011.

#### B. Credit for Prior Custody

The next question is whether Mr. Sutterlee is entitled to credit against his sentence for any period of time prior to February 1, 2011. To reiterate, credit for prior custody is awarded under § 3585(b) for any time a defendant "spent in official detention *prior* to the date his federal sentence commences if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction *and* if that time has not been credited against another sentence." *Weekes*, 301 F.3d at 1178.

As noted above, the BOP has given Mr. Sutterlee credit for the three days from May 20, 2009, the day he was arrested, through May 22, 2009, the day he was released on bond. The BOP has not awarded any additional prior custody credit for Mr. Sutterlee's time released on bond,

reasoning that he was not in "official detention" under § 3585(b).

Mr. Sutterlee cannot demonstrate the BOP's determination regarding prior custody credit somehow violates his rights because the United States Supreme Court has defined "official detention" to mean detention that is in a penal or correctional facility and subject to the BOP's control. *Reno v. Koray*, 515 U.S. 50, 57-58 (1995). Mr. Sutterlee does not allege, and there is no indication in the record before the Court, that he was being detained in a penal or correctional facility subject to the BOP's control while he was released on bond. *See id.* at 65 (holding that time in community treatment center while released on bail was not "official detention" under § 3585(b)). Therefore, because the time Mr. Sutterlee was released on bond was not "official detention" under § 3585(b), he is not entitled to prior custody credit for the time from May 22, 2009, to February 1, 2011.

### C. Good Conduct Time Credits

Finally, although the Court does not read the Application as asserting a claim regarding good conduct time credits, the Court notes briefly that any claim Mr. Sutterlee may be asserting regarding good conduct time credits prior to February 1, 2011, lacks merit because he was not serving a term of imprisonment prior to that date. The statute that governs good conduct time provides in relevant part that:

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1) (footnote omitted). Section 3624(b)(1) "contemplates retrospective annual assessment of a prisoner's behavior" and authorizes the BOP to "award up to fifty-four

days credit toward service of the prisoner's sentence" if the "prisoner's behavior during that year was exemplary." *Wright v. Fed. Bureau of Prisons*, 451 F.3d 1231, 1234 (10th Cir. 2006) (emphasis removed).

## IV.   CONCLUSION

In summary, the Court finds that Mr. Sutterlee is not entitled to relief and the Application will be denied. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and this case is dismissed with prejudice.

DATED May 24, 2023.

BY THE COURT:

GORDON P. GALLAGHER
United States District Judge